UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| **Florence Selvin,** | : | Case No. 14-12549-MDC |
| | : | |
| Debtor. | : | |
| | : | |
| **FLORENCE SELVIN,** | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 14-00359-MDC |
| | : | |
| v. | : | |
| | : | |
| **Altair OH XIII, LLC and** | : | |
| **WEINSTEIN, PINSON & RILEY,** | : | |
| **P.S., & X,Y,Z Corporation,** | : | |
| | : | |
| Defendants. | : | |

**RESPONSE OF DEFENDANTS ALTAIR OH XIII LLC, AND WEINSTEIN, PINSON & RILEY, P.S., TO PLAINTIFF'S PRAECIPE INSTRUCTING THE CLERK OF THE COURT TO DISMISS AMENDED COMPLAINT**

Defendants Altair OH XIII, LLC ("Altair") and Weinstein, Pinson & Riley, P.S. ("WPR")[1] (together with Altair and WPR, the "Defendants") submit this response to the "Praecipe To Dismiss AAdversarial Complaint" [*sic*] filed by Plaintiff Florence Selvin ("Plaintiff" or "Ms. Selvin") at 21:48 EST on February 15, 2015. The document states "Kindly dismiss and discontinue the above captioned matter without prejudice. Thank you."

This document came on the eve of the hearing of Defendants' Motion to Dismiss, scheduled for hearing on February 17, 2015 at 10:30 AM EST, and in the middle of a holiday weekend.

Defendants have of course no objection to dismissal of the frivolous lawsuit Ms. Selvin has prosecuted against them for the last six months. However, Ms. Selvin is not entitled to dismiss

---

[1] Effective January 1, 2015, Weinstein, Pinson & Riley P.S., changed its name to Weinstein & Riley, P.S.

1

her complaint without court order or Defendants' consent under Rule 41(a)(1)(A) because Defendants filed an answer to Ms. Selvin's first Complaint and a motion for summary judgment. The Amended Complaint does not restore Ms. Selvin's right to unilaterally dismiss the Complaint. The Fourth Circuit addressed this precise issue in *Armstrong v. The Frostie Company,* 453 F.2d 914 (4th Cir. 1971). There, as here, after the defendant answered and moved for summary judgment, the plaintiff filed an amended complaint and then sought to dismiss the amended complaint under Rule 41(a)(1)(A) without prejudice. The Court affirmed the district court's refusal to permit unilateral dismissal stating:

> Frostie satisfied both the letter and the spirit of the rule by filing an answer and a motion for summary judgment to Armstrong's original complaint. Dismissal of this complaint, followed by an amended complaint, increased rather than nullified Frostie's burden. The district court, therefore, properly vacated Armstrong's dismissal of the action without prejudice.

*Id.* at 916. This reasoning has been endorsed by a number of other court addressing the same facts, including the District Court for the Eastern District of Pennsylvania. *See, e.g., Total Containment, Inc. v. Aveda Mfg. Corp.*, No. CIV. A. 90-4788, 1990 WL 171518 (E.D. Pa. Nov. 1, 1990); *Quick v. EMCO Enterprises,* 251 F.R.D. 371 (S.D. Iowa 2008); *Wright v. Standard Ins. Co.*, No. 807-CV-1586-T-33MSS, 2008 WL 5070228 (M.D. Fla. Nov. 24, 2008); *Dickie v. Cannondale Corp.,* No. 01 C 6347, 2003 WL 134990, at *2 (N.D. Ill. Jan. 16, 2003) ("The fact that plaintiff sought and was granted leave to file a second amended complaint adding additional claims against plaintiff and additional parties, does not act to revive plaintiff's right to unilateral dismissal without prejudice. The only inquiry is whether defendant has answered or moved for summary judgment. It has done both."); *Tedeschi v. Barney,* 95 F.R.D. 182, 183 (S.D.N.Y.1982).

The Third Circuit's decision in *In re Bath and Kitchen Fixtures Antitrust Litigation,* 535 F.3d 161 (3d Cir. 2008), does not compel the contrary result. While the Court held there that a motion

2

to dismiss did not defeat a plaintiff's ability to dismiss a case voluntarily without prejudice, in that case there had not previously been an answer and a motion for summary judgment followed by an amended complaint and a motion to dismiss.

It is therefore too late for Ms. Selvin to attempt to withdraw her complaint under Rule 41(a)(1)(A) "without prejudice" or any other conditions. *See* Fed. R. Civ. P. 41 (a)(1)(A). She must instead proceed under Rule 41(a)(2), which permits an action to be dismissed at the plaintiff's request only by court order "on terms that the court considers proper." *See* Fed. R. Civ. P. 41 (a)(2).

Defendants request that the Court impose appropriate conditions on dismissal: either dismissal with prejudice, or, if without prejudice, the Court should require Ms. Selvin and her attorney to pay Defendants' costs and attorneys' fees. *See Ferguson v. Eakle,* 492 F.2d 26, 28 (3d Cir. 1974); *Citizens Sav. Ass'n v. Franciscus,* 120 F.R.D. 22, 25 (M.D. Pa. 1988); *Bready v. Geist,* 85 F.R.D. 36, 38 (E.D. Pa. 1979); *Selas Corp. of America v. Wilshire Oil Co. of Texas,* 57 F.R.D. 3, 5-6 (E.D. Pa. 1972).

**WHEREFORE**, the Defendants request that dismissal of the case be with prejudice, and that their fees and costs be imposed on the Plaintiff and her counsel.

Dated: February 16, 2015

Respectfully Submitted,

*/s/ Carla Jarosz*
Carla A.K. Jarosz, Esq.
Weinstein & Riley, P.S.
203 West 18th Street
Wilmington, DE 19802
(302) 428-1915
Carlaj@w-legal.com

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **Chapter 7** |
| **Florence Selvin,** | : | |
|    Debtor. | : | **Case No. 14-12549-mdc** |
| | : | |
| **Florence Selvin,** | : | |
|    Plaintiff, | : | **Adv. Pro. No. 14-00359-mdc** |
| | : | |
| v. | : | |
| | : | |
| **Altair OH XIII, LLC and Weinstein,** | : | |
| **Pinson & Riley, P.S.** | : | |
|    Defendants. | : | |

## CERTIFICATE OF SERVICE

     I hereby certify that I have electronically filed a copy of the foregoing Response to Plaintiff's Praecipe to Dismiss Adversarial Complaint with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is served this day on counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: February 16, 2015

                                              Respectfully submitted,

                                              /s/ *Carla A. K. Jarosz*
                                              CARLA A. K. JAROSZ
                                              Weinstein & Riley, P.S.
                                              203 West 18th Street
                                              Wilmington, DE 19802
                                              302 428 1915
                                              Email: CarlaJ@w-legal.com
                                              Counsel for Defendants